

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ELLIOTT DALE VELEZ,<br>a/k/a "Elliott Dale Lander"<br><br>Defendant. | Case No. 4:22CR28 |

## STATEMENT OF FACTS

The United States and the defendant, ELLIOTT DALE VELEZ, a/k/a "Elliott Dale Lander" (hereinafter, "the defendant"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. Between August 2021 and November 2021, The National Center for Missing and Exploited Children (NCMEC) received nine (9) CyberTips from Snap Inc. related to usernames: zane6775, zanessnap12, zanesmjth, z_zane1214, zanes_b21, zxne_123, tguy7164 and email addresses: zanesmith038@gmail.com, zanesmjth@gmail.com, zane9323@gmail.com, zanesmith037@gmail.com. From these CyberTips NCMEC classified fifteen (15) files as apparent child pornography.

2. The CyberTips were passed onto Bedford County Sheriff's Office (BCSO), who subsequently sent them onto FBI Norfolk. FBI Norfolk received these CyberTips from BCSO between September 2021 and December 2021.

3. The identified IP address related to these CyberTips was 24.254.247.8.

4. The investigation of these nine (9) CyberTips led to Elliott Velez, residing at 15** Westport Crescent, Newport News, Virginia.



5. On or about January 26, 2022, a search warrant was obtained for Snap, Inc. for Snapchat usernames: z_zane1214, zane6775, zanesmjth, and zanessnap12.

6. On or about January 26, 2022, a search warrant was executed on Snap, Inc. for Snapchat usernames: z_zane1214, zane6775, zanesmjth, and zanessnap12.

7. On or about February 23, 2022, Snap, Inc. responded to the search warrant. Included in their return were all contents, to include chats, subscriber information, and images and videos for the accounts z_zane1214, zane6775, zanesmjth, and zanessnap12.

8. Continued investigation found the defendant was the subscriber and user of the Snapchat usernames z_zane1214, zane6775, zanesmjth, and zanessnap12.

9. On or about March 30, 2022, a search warrant was obtained for the residence located at 15** Westport Crescent, Newport News, Virginia.

10. On or about March 31, 2022, a search warrant was executed at 15** Westport Crescent, Newport News, Virginia.

11. The defendant was the only person present at the time of the search warrant execution. Twelve (12) electronic items of evidence were seized from the home to be forensically analyzed.

12. The Snap, Inc. returns were reviewed by Special Agent, Desirae Maldonado and the seized electronic devices were analyzed by forensic analyst, James Bass.

13. The Snap, Inc. returns contained child pornography as did three smart phones seized from the defendant's residence.

14. James Bass found recording device software installed on the defendant's devices so that the conversations, images, and videos sent via social media platforms could be retained by

the electronic devices belonging to the defendant unbeknownst to individuals who interacted with the defendant on the social media platforms.

15. The defendant engaged in conversations with Jane Doe 1, a prepubescent female child, via Snapchat where he instructed Jane Doe 1 to engage in sexually explicit conduct.

16. A conversation with the date of about September 14, 2021, was found in the Snap, Inc. return where the defendant engaged in a conversation with Jane Doe 1 using Snapchat username zanesmjth. In that conversation Jane Doe 1 tells the defendant she is twelve (12) years old. The defendant instructs Jane Doe 1 to engage in sexually explicit conduct. The defendant also instructs Jane Doe 1 on how to make a video and asks if he can keep it. Jane Doe 1 sends a ten (10) second video of herself engaging in sexually explicit conduct, specifically actual and simulated lascivious exhibition of the anus, genitals and pubic area.

17. The defendant engaged in conversations with Jane Doe 5, a pubescent female child, where he instructed Jane Doe 5 to engage in sexually explicit conduct.

18. A conversation with the date of September 15, 2021, was found in the Snap, Inc. return where the defendant engaged in a conversation with Jane Doe 5 using Snapchat username zanesmjth. In that conversation, Jane Doe 5 sends an image to the defendant of herself engaging in sexually explicit conduct, specifically actual and simulated lascivious exhibition of the genitals and pubic area. Jane Doe 5 apologizes to the defendant and states that she tried to do as he instructed her. The defendant sends several audio voice messages to Jane Doe 5 where he can be heard instructing Jane Doe 5 further on what sexually explicit conduct he wants her to engage in.

19. The defendant engaged in conversations with Jane Doe 6, a pubescent female child, where he instructed Jane Doe 6 to engage in sexually explicit conduct.



20. The defendant used recording device software installed on his phone to save conversations and videos shared between Jane Doe 6 and himself on Snapchat.

21. A one minute and 41 second compilation video of these conversation and videos was created by the defendant and found on one of his devices. In this video created by the defendant on or about October 24, 2021, Jane Doe 6 is seen engaging in sexually explicit conduct, specifically actual and simulated masturbation, and lascivious exhibition of the anus, genitals, and pubic area. Jane Doe 6 disclosed that she engaged in the sexually explicit conduct at the instruction and direction of the defendant.

22. A three minute and 52 second compilation video of these conversation and videos was created by the defendant and found on one of his devices. In this video created by the defendant on or about November 27, 2021, Jane Doe 6 is seen engaging in sexually explicit conduct with Jane Doe 7, a prepubescent female child, specifically actual and simulated lascivious exhibition of the anus, genitals, and pubic area of Jane Doe 7, while Jane Doe 7 is asleep. Jane Doe 6 disclosed that she engaged in the sexually explicit conduct with Jane Doe 7 at the instruction and direction of the defendant.

23. The defendant used a mobile application called Mobizen to record his Snapchat interaction with Jane Doe 8, a prepubescent female child.

24. A one minute and 52 second recording of the defendants interaction with Jane Doe 8 on or about March 13, 2022 was found on one of his electronic devices. In this recording the defendant instructs Jane Doe 8 to engage in sexually explicit conduct. Jane Doe 8 is seen engaging in sexually explicit conduct, specifically actual and simulated lascivious exhibition of the anus, genitals, and pubic area, and bestiality.



25. A one minute and 4 second recording of the defendants interaction with Jane Doe 8 on or about March 13, 2022 was found on one of his electronic devices. In this recording the defendant instructs Jane Doe 8 to engage in sexually explicit conduct with Jane Doe 9, a toddler. At the direction and instruction of the defendant, Jane Doe 8 engages in sexually explicit conduct with Jane Doe 9, specifically, lascivious exhibition of the anus, genitals or pubic area of Jane Doe 9.

26. The defendant admits that on or about September 14, 2021, in the Eastern District of Virginia, he did knowingly and attempted to employ, use, persuade, induce, entice, and coerce a minor, Jane Doe 1, who had not attained the age of 18 years to engage in sexually explicit conduct as detailed in Count 1 of the Indictment, specifically, actual and simulated lascivious exhibition of the anus, genitals or pubic area.

27. The defendant further admits that the video detailed in Count 1 of the Indictment constitutes "child pornography" as defined in 18 U.S.C. § 2256(8).

28. The defendant admits that on or about September 15, 2021, in the Eastern District of Virginia, he did knowingly and attempted to employ, use, persuade, induce, entice, and coerce a minor, Jane Doe 5, who had not attained the age of 18 years to engage in sexually explicit conduct as detailed in Count 5 of the Indictment, specifically, actual and simulated lascivious exhibition of the anus, genitals or pubic area.

29. The defendant further admits that the image detailed in Count 5 of the Indictment constitutes "child pornography" as defined in 18 U.S.C. § 2256(8).

30. The defendant admits that on or about October 24, 2021, in the Eastern District of Virginia, he did knowingly and attempted to employ, use, persuade, induce, entice, and coerce a minor, Jane Doe 6, who had not attained the age of 18 years to engage in sexually explicit conduct



as detailed in Count 6 of the Indictment, specifically, actual and simulated masturbation, and lascivious exhibition of the anus, genitals or pubic area.

31. The defendant further admits that the video detailed in Count 6 of the Indictment constitutes "child pornography" as defined in 18 U.S.C. § 2256(8).

32. The defendant admits that on or about November 27, 2021, in the Eastern District of Virginia, he did knowingly and attempted to employ, use, persuade, induce, entice, and coerce a minor, Jane Doe 7, who had not attained the age of 18 years to engage in sexually explicit conduct as detailed in Count 7 of the Indictment, specifically, actual and simulated lascivious exhibition of the anus, genitals or pubic area.

33. The defendant further admits that the video detailed in Count 7 of the Indictment constitutes "child pornography" as defined in 18 U.S.C. § 2256(8).

34. The defendant admits that on or about March 13, 2022, in the Eastern District of Virginia, he did knowingly and attempted to employ, use, persuade, induce, entice, and coerce a minor, Jane Doe 8, who had not attained the age of 18 years to engage in sexually explicit conduct as detailed in Count 8 of the Indictment, specifically, actual and simulated lascivious exhibition of the anus, genitals or pubic area, and bestiality.

35. The defendant further admits that the video detailed in Count 8 of the Indictment constitutes "child pornography" as defined in 18 U.S.C. § 2256(8).

36. The defendant admits that on or about March 13, 2022, in the Eastern District of Virginia, he did knowingly and attempted to employ, use, persuade, induce, entice, and coerce a minor, Jane Doe 9, who had not attained the age of 18 years to engage in sexually explicit conduct as detailed in Count 9 of the Indictment, specifically, actual and simulated lascivious exhibition of the anus, genitals or pubic area.



37. The defendant further admits that the image detailed in Count 9 of the Indictment constitutes "child pornography" as defined in 18 U.S.C. § 2256(8).

38. The defendant further admits that all images and or videos detailed in Counts 1, 5, 6, 7, 8, and 9 had been mailed, shipped, or transported in interstate and foreign commerce by any means, including by computer.

39. These events occurred in the Eastern District of Virginia and elsewhere.

40. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

41. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

Respectfully submitted,

Jessica D. Aber
United States Attorney

Date: November 22, 2022    By: _____
Devon E.A. Heath
Assistant United States Attorney



After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, ELLIOTT DALE VELEZ, a/k/a "Elliott Dale Lander", and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
ELLIOTT DALE VELEZ,
a/k/a "Elliott Dale Lander"

I, Greg McCormack, am the defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Greg McCormack, Esq.
Attorney for ELLIOTT DALE VELEZ,
a/k/a "Elliott Dale Lander"