IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Newport News Division*

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> ELLIOTT DALE VELEZ, ) <br> a/k/a "Elliott Dale Lander" ) <br> ) <br> Defendant. ) | Criminal No. 4:22-cr-28 |

SENTENCING POSITION OF THE UNITED STATES

The United States by and through counsel, Assistant United States Attorney Devon E.A. Heath, files this Position on Sentencing and hereby represents that it has reviewed the Probation Office's Pre-Sentence Report ("PSR") and that it does not dispute any of the factors or facts set out herein. In accordance with paragraph four the Plea Agreement, ECF No. 40, and pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States honors its agreement and respectfully recommends a downward variance from the applicable advisory guidelines for the defendant's conduct. Specifically, the United States recommends a sentence of 35 years imprisonment.

**Statutory Considerations**

The defendant pleaded guilty on November 22, 2022, to Counts One, Five, Six, Seven, Eight, and Nine. All Counts were Production of Child Pornography, in violation of 18 U.S.C. §2251(a). Counts One, Five, Six, Seven, Eight and Nine each carry a mandatory minimum of fifteen (15) years in prison and the maximum penalty of thirty (30) years in prison. The Court may sentence the defendant to any term of imprisonment not less than 15 years up to 30 years on each

1

Count.

**Impact of the Plea Agreement**

The parties entered into a plea agreement and the United States acknowledges the defendant's acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels pursuant to USSG § 3E1.1(a). Additionally, because the defendant's timely notification of his intention to enter a plea of guilty, permitted the United States to avoid preparing for trial and permitted the United States and the court to allocate their resources efficiently, the United States filed a motion for an additional point reduction under USSG § 3E1.1(b).

**Sentencing Guidelines Calculation**

The United States Probation Department prepared a PSR which detailed the offense of conviction and the characteristics of the defendant. In calculating the offense level, which is outlined in detail in the PSR (¶¶ 25 – 87), the defendant's total offense level is 51. This calculation includes various adjustments, enhancements, and the three-level reduction addressed above.

The probation officer also calculated a criminal history level for the defendant. The defendant has no prior criminal convictions resulting in zero (0) criminal history points. A criminal history score of zero (0) establishes a criminal history category of I pursuant to U.S.S.G. Chapter 5, Part A.

**Statutory Sentencing Factors under 18 U.S.C. § 3553(a)**

The United States will now address the statutory factors that support its request for a sentence of 35 years.

    A.    Nature of the Offense

This case came to the attention of the Federal Bureau of Investigation ("FBI") after The National Center for Missing and Exploited Children ("NCMEC") received 9 (nine) CyberTips

from Snap Inc., which was subsequently passed on to the FBI, related to various usernames that all returned to the defendant. A valid search warrant was obtained for and then executed on Snap, Inc. for the various Snapchat usernames linked to the CyberTips. Approximately a month later, a search warrant was obtained for and executed on the defendant's residence in Newport News, Virginia. The Snap, Inc. returns contained child pornography, as did 3 (three) smart phones seized from the defendant's residence.

Forensic review of the devices found recording software installed on the defendant's devices so that conversations, images, and videos sent via SnapChat could be retained by the electronic devices belonging to the defendant and stored outside of the SnapChat social media platform. The defendant was engaging in wildly inappropriate conversations with female children on the social media platform. He would instruct the children on what sexually explicit activity to engage in and tell them to record it and send it to him. In some of the conversations the defendant asked if he could keep the videos or could be heard in audio voice messages giving further instruction to the child/children. Conversations included detailed instructions where he would sometimes instruct victims to involve certain items/things and at times go as far as instructing some of his victims to create new victims by instructing them to sexually offend on other children.

The nature of the defendant's offenses is more than notable and when considered in light of the specific facts agreed upon – as reproduced in the PSR (¶ 11) – and the independent investigation by Probation which revealed additional information surrounding the defendant's offenses – as reproduced in the (¶¶ 13 – 18) – the nature of these offenses should weigh very heavily upon the Court's consideration.

  B. History and Characteristics of the Defendant

The defendant is a 38-year-old male, born from the consensual relationship between his mother and father. His biological father left his mother and him when he was four years old, and

the defendant does not maintain any relationship with his biological father. The defendant's mother did eventually marry, and the defendant indicated that his stepfather has been part of his life since he was four years old, and the defendant considers him as his father. The defendant resided in England until he was three years old, at which time his family moved to California, and his mother met his stepfather, who was in the military. The defendant described his childhood as being "great" and although his stepfather's military career caused them to frequently move, he described his family as very close. His mother, father and stepfather all reside in England, where the defendant was born. His two siblings, 40 and 32, live in Nevada and Arizona. (PSR pg. 2 & ¶¶ 97 - 98).

In 2003, the defendant enlisted in the Airforce, at which time he received his United States Citizenship, shortly after high school and was stationed in Texas, where he attended a technical training school. (PSR ¶¶ 100 & 105). The defendant was stationed at Luke Air Forces Base in Arizona at the conclusion of his schooling and training. The defendant reported being deployed to Iraq twice, which he reported to have experienced several traumatic events. He also noted that he got into some minor trouble for possessing fraudulent identification cards. (PSR ¶ 100). The defendant disclosed he met and began what turned out to be an abusive and unstable relationship with the mother of his two minor children, ages 15 and 10. (PSR ¶¶ 100 & 104). The abusive and unstable relationship resulted in the police being contacted on occasion. In 2013, the defendant reported that he received new military orders to Korea, which was difficult because his family did not relocate with him, and he believed the mother of his children was being unfaithful. After nine years, the defendant reported the relationship with the mother of his children ended. (PSR ¶¶ 101 - 102). Even after the relationship with his children's mother ended, the defendant advised he continued to maintain a close relationship with the minor children whom he frequently saw and cared for. (PSR ¶ 104).

After a year in Korea, the defendant received orders to Texas until 2017. While stationed

in Texas, the defendant met his current spouse. In 2018 the defendant was stationed, by choice, in Nevada which was closer to his two biological children. During the pandemic the two minor children moved in with the defendant and his now wife. In 2021, the defendant married his now wife and within six months relocated to Hampton Roads, Virginia. During this same year his wife's father became ill and she was traveling between Virginia and Texas to care for him. (PSR ¶¶ 102 - 103).

The defendant advised that he has irritable bowel syndrome (IBS) and degenerative disc disease and at some point, was taking prescribed pain medication but is reportedly not taking any prescribed or over the counter medication at this time. The defendant further reported he use to use over the counter sleeping medication nightly. (PSR ¶ 108). According to the defendant he had in the past sought mental health treatment, due to his relationship issues with the mother of his children. He also advised that more recently he sought treatment but was on a medical waitlist through the military. According to the defendant he was diagnosed with depression and anxiety in January 2022 and was prescribed Trazadone and Prozac. The defendant also advised that he believes he has post-traumatic stress disorder (PTSD) and an addictive personality with his primary addictions being pornography and gambling. Per the defendant, prior to being incarcerated he was placing monetary bets on sports daily and viewed pornography daily. (PSR ¶ 110). – mental health treatment is recommended.

The defendant advised that he was consuming alcohol four times per week and in the past, he abused alcohol and experienced "black outs". He reportedly completed an alcohol awareness program while in the military and noted to probation that he would like an opportunity to participate in additional substance abuse treatment. The defendant's mother believes he is addicted to alcohol. (PSR ¶¶ 111 - 113). – substance abuse treatment is recommended.

The defendant advised he graduated from high school in 2002, while his family was

stationed in Italy. Since March 7, 2003, the defendant has been enrolled in the Community College of the Airforce. According to records on June 17, 2009, and August 30, 2013, the defendant received Associate Degrees in Applied Science and on June 27, 2016, he received a Professional Manager Certification. Although unverified, it is reported that from 2005 to 2008, the defendant attended Rio Salado Community College in Arizona. From December 2011 to June 29, 2015, the defendant attended the University of Phoenix, where he received his Bachelor of Science degree in Management. From November 17, 2008, to March 8, 2020, the defendant attended Trident University International, where he transferred 35 credit hours from the Community College of the Airforce, and 21 credit hours from the Rio Salado Community College to the University. On March 8, 2020, the defendant was awarded his Master of Science degree in Leadership. (PSR ¶¶ 114 - 118).

The defendant has been enlisted in the United States Air Force since January 2003, most recently being stationed at Langley Air Force Base in Hampton, Virginia and was assigned to the Enlisted Professional Military Education (EPME) division. The defendant reported he is being discharged due to the instant offenses, and he will receive an Other than Honorable discharge. (PSR ¶ 119).

The defendant's criminal history is laid out *supra*.

C. Need for Just Punishment

The defendant's conduct is beyond reckless. He has caused irrevocable harm to six (6) children, at a minimum. The youngest victim was 2 years old. A forensic evaluation of the defendant's devices recovered 2,178 images containing child erotica, 1,004 images containing child pornography, 108 images containing "notable" child pornography, 78 videos containing child erotica, 179 videos containing child pornography and 43 videos containing "notable" child pornography. The snapshots of the conversations the defendant had with some of these young

children is deplorable. The things he said to them, the pictures he sent to them of his own penis, and the things he asked them to do, record and send to him are beyond appalling. Children are some of the most vulnerable individuals in our community. The egregious facts of this case, which will forever impact these children and their families, is at the top of the government's main concerns. This defendant even went as far as to create sexual offenders out of some of his victims by having them sexually abuse or exploit other children for him. This defendant, by his own admission, had a great childhood and he choose to forever tarnish the childhood of each and every one of his victims. This defendant is highly educated and at one point selflessly served our country. But at some point, decided to cast all that aside and become one of society's most abhorrent types of predators. This behavior, as it should, remains unacceptable, regardless of anything. There currently is, nor should there ever be, reason, justification, or excuse for this conduct. But what specifically triggers this sentencing factor is the victimization of the most vulnerable, and the way this defendant went about it. The intentional choice to be a destructive force in a child's life, warrants just punishment.

      D.      Deterrence

The two types of deterrence at issue are general and specific. On the issue of general deterrence, the public must have confidence that these actions taken by the defendant are treated with the utmost seriousness. The public must look at what this defendant engaged in doing, victimizing children, and know that such conduct commands a significant punishment. The value of a safe childhood and protecting the children of our community is expressed in the sentence assigned to the defendant. Those inclined to consider committing crimes like these of the defendant must be made to pause in thinking about the consequences that follow.

As for specific deterrence, this defendant did eventually take responsibility, and as outlined supra, given credit for this. But the facts of this case, the specific conduct of this defendant over

and over and over cannot be overlooked. This Court should really consider what kind of punishment can deter this behavior from this defendant. He jumped from username to username and victim to victim. He installed recording applications on his electronic devices to preserve these videos and images he instructed these children to create. It was not enough to view them once, he needed to be able to continuously access them at his leisure. The United States believes this defendant is clearly intelligent enough to know this behavior is wrong, he knows that he has caused harm to these children and their families for the rest of time. This defendant should look at his actions and remember the consequences for these choices he made time and time again. This defendant's guidelines maxed out at 2,160 months (Restricted). But when assessing what an appropriate sentence is, the United States stands by the recommendation of no more than 35 years and believes that 35 years is appropriate.

    E.    Need to Protect Society

The world has become a much smaller place with the internet being at the tip of nearly everyone's, including children's, fingertips. The defendant used the internet to selfishly prey on these children with reckless abandonment as to how this would impact these children for the self-serving goal of merely satisfying himself. The need to keep our society's children safe from this defendant is certainly a concern of the United States. Society, particularly our children, need to be protected from this conduct and can be ensured that this conduct will not happen again at the hands of this defendant while incarcerated. The defendant selfishly and repeatedly preyed on children, gaining their friendship and trust, and then exploiting that trust. Children have a need to be protected from behavior like this. Children need to be protected from this defendant.

    F.    Avoiding Sentencing Disparities

There are no co-defendants or other sentences that warrant consideration in this case.

**Conclusion**

The United States respectfully request that this Honorable Court sentence the defendant to a term of imprisonment of 35 years and 20 years of supervised release. The United States submits that such a sentence is sufficient but not greater than necessary to comply with the purposes of sentencing pursuant to Title 18, U.S.C. § 3553(a).

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

By:     /s/
Devon E.A. Heath
Assistant United States Attorney
Virginia State Bar No. 83590
Attorney for the United States
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lake Front Commons
Newport News, Virginia 23606
(757) 591-4000 Office
(757) 591-0866 Fax
Devon.heath@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of March 2023, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF system, which will send notification of such filing (NEF) to the following:

   Greg D. McCormack., Esq
   484 Viking Drive
   Suite 190
   Virginia Beach, Virginia 23452
   E-mail: gdm@militarylawyers.org

And I hereby certify that I have e-mailed the document to the following non-filing user:

Shannon E. Gerard
United States Probation Officer
600 Granby Street
Suit 200
Norfolk, Virginia, 23510

                                            /s/            .
                                    Devon E.A. Heath
                                    Virginia State Bar No. 83590
                                    Attorney for Government
                                    United States Attorney's Office
                                    Fountain Plaza Three, Suite 300
                                    721 Lakefront Commons
                                    Newport News, Virginia 23606
                                    Phone: (757) 591-4000
                                    Fax: (757) 591-0866
                                    Email: Devon.Heath@usdoj.gov